IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**HOWARD MCGEE,**
    Petitioner,

v.                                                                    Case No. 3:04cv412/MCR/MD

**JAMES V. CROSBY, JR., Secretary**
 of the Florida Department of Corrections,
 and **FLORIDA PAROLE COMMISSION,**
    Respondents.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent Secretary James V. Crosby ("DOC") has filed an answer. (Doc. 12). Respondent Florida Parole Commission ("FPC") was granted leave to intervene, and has filed a response with attachments. (Doc. 9). Petitioner has filed a reply to each response. (Docs. 16 & 17). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be denied.

## BACKGROUND

On May 6, 1982 petitioner was convicted and sentenced in the Circuit Court of Duval County, Florida, case number 81-10879, to five years imprisonment for Attempted Unarmed Robbery and a consecutive fifteen year sentence for Threatening to Throw a Destructive Device, for offenses occurring on November 24,

1981. (Doc. 9, Ex. A).[1]  On May 19, 1982 petitioner was convicted and sentenced by the same court, in case number 82-760, to a consecutive thirty year sentence for Escape, that offense having occurred on December 21, 1981. (Ex. B).  On June 15, 1982 petitioner was convicted and sentenced by the same court, in case number 82-761, to seven consecutive five-year sentences for Bail Bond Jumping. (Ex. C).  On November 10, 1983 the Bail Bond Jumping convictions and sentences were vacated and petitioner was convicted and resentenced to a single five-year sentence to run consecutive to the sentence imposed in case number 82-760. (Ex. D).  The date of the bail jumping offense was November 9, 1981.

Petitioner was released to parole supervision on June 15, 1993, with supervision to continue until September 27, 2034. (Ex. E).  He signed the Certificate of Parole agreeing to the terms and conditions of parole. (*Id.*).  On September 29, 2000 the FPC issued a Warrant for Retaking Parolee. (Ex. I, Attach. to DOC Response at Ex. A).  On May 16, 2001 the FPC revoked petitioner's parole supervision after finding that he had violated the terms and conditions of his parole by failing to report monthly, using and/or possessing marijuana, committing a new law violation (operating a motor vehicle with a suspended license), and failing to submit to drug testing. (Ex. F).  The revocation was effective January 27, 2001. (*Id.*).  An Amended Order of Parole was entered on September 2, 2001, to reflect additional credit for time spent in custody. (*Id.*).

## PROCEDURAL HISTORY

On February 4, 2002 petitioner filed a petition for writ of habeas corpus in the Florida Supreme Court, case number SC02-276. (Ex. H).  The petition challenged the FPC's action in setting the length of parole supervision in excess of five years, and the DOC's actions in combining all sentences into a cumulative fifty-five year term and forfeiting gain-time from that cumulative sentence upon revocation of parole

---

[1]Hereafter, all references to exhibits will be to those attached to Doc. 9, unless otherwise noted.

supervision.  (*Id.*).  The Florida Supreme Court declined to take jurisdiction and transferred the petition to the Circuit Court of Gulf County, Florida, where petitioner was imprisoned.  (*See* www.floridasupremecourt.org, case number SC02-276).

On September 23, 2002 the DOC responded in Gulf County case number 2002-112, that petitioner had been transferred to Walton County, so the court no longer had jurisdiction over the habeas action.  (Ex. I).  The DOC also responded on the merits.[2]  (*Id.*).  The petition was subsequently transferred to the Circuit Court of Walton County, Florida and assigned case number 02CA000446.  That court issued an Order to Show Cause to the FPC.  The FPC filed a response on April 18, 2003.[3]  (Ex. J).  In response to the foregoing, petitioner submitted a reply.[4]  (Ex. K).  On December 4, 2003 the Walton County Circuit Court denied relief.[5]  (Ex. L).

Petitioner appealed the circuit court's order to the Florida First District Court of Appeal ("First DCA").  The appeal was converted to a certiorari proceeding.  (Ex. M).  After receiving responses from the DOC and FPC, the First DCA denied relief on July 28, 2004.  *McGee v. Florida Parole Comm'n*, 881 So.2d 1118 (Fla. 1st Dist. Ct. App. 2004) (Table) (copy at Ex. Q).  Petitioner filed a motion for rehearing, which was

---

[2]The DOC maintained that after disconnecting petitioner's overall fifty-five year term, he was found to have completed his initial five and fifteen year sentences in 1990.  Petitioner was therefore in service of his thirty-year sentence for Escape when he was paroled in 1993 and still had the final five-year Bail Bond Jumping sentence to begin serving.  (Ex. I).

[3]The FPC maintained that petitioner was not entitled to relief because, pursuant to Florida Statutes Section 947.24(1) (1991), the FPC was authorized to parole an individual serving consecutive sentences for the maximum period for which the person was sentenced.  (Ex. J).  The FPC also contended that petitioner agreed to the terms of his parole, in lieu of remaining incarcerated, and only sought to challenge the length of supervision after revocation.  (*Id.*).

[4]Petitioner argued that the DOC should have declared all but his last five-year sentence complete; therefore, the length of parole supervision should have been a maximum of five years and would have expired prior to his revocation proceedings.  (Ex. K).

[5]The court found that petitioner was in service of his thirty-year sentence when he was paroled, that petitioner voluntarily accepted placement on parole supervision, and that the FPC was authorized to place an inmate on parole supervision up to the maximum sentence.  (Ex. L).

denied on September 10, 2004.  (Ex. R).  The mandate issued fifteen days later on September 27, 2004.[6]  *See* FLA.R.APP.P. 9.340(b).

Petitioner filed the instant federal habeas petition on November 5, 2004.  He claims his rights to due process and equal protection were violated when the DOC combined his four consecutive sentences into one unit, contrary to the Florida Supreme Court's decision in *Orosz v. Singletary*, 693 So.2d 538 (Fla. 1997).[7]  Petitioner contends that the combining of his consecutive sentences by the DOC caused the FPC to place him on parole supervision for a period that exceeded his court-imposed sentences.[8]  (Doc. 1, Grounds 1-3).  He further contends the state habeas court "deviated from the essential requirement[s] of state and federal law" when it summarily denied relief, where "state law support[ed] the requested relief." (*Id.*, Ground 4).

Respondent FPC contends the petition should be dismissed as untimely.  In the alternative, the FPC argues the petition should be denied because petitioner's claims provide no basis for federal habeas relief in that they raise only issues of state law and procedure and fail to demonstrate that the state court departed from clearly established federal law.  The FPC further contends that even if this court

---

[6]September 25, 2004 was a Saturday.

[7]In *Orosz*, the Florida Supreme Court examined Florida Statute § 944.275, as it was in effect between July 1, 1978 and June 15, 1983.  The statute read: "When a prisoner is under two or more concurrent sentences, the prisoner shall be allowed gain-time as if such sentence were all one sentence."  Earlier and later versions of gain-time statutes required the DOC to combine all cumulative sentence for the purpose of awarding and forfeiting gain-time.  *See* Fla. Stat. § 944.27(1) (1977).  The court in *Orosz* determined that because the statute in effect between July 1, 1978 and June 15, 1983 specified concurrent and not consecutive sentences for combining, individuals with offense dates within that window of time should have each consecutive sentences treated separately for the purpose of earning and forfeiting gain-time, and should have each sentence expire individually rather than as one unit.

[8]In his petition, petitioner presents this claim as three separate grounds for relief. In Grounds One and Three he contends his rights to due process and equal protection were violated when the FPC (1) placed him on parole based upon expired sentences, and (2) increased his original court-imposed sentences by placing him on parole based upon expired sentences. (Doc. 1, Grounds 1 and 3). In Ground Two he claims the FPC and DOC violated the Florida Supreme Court's decision in *Orosz v. Singletary*, 693 So.2d 538 (Fla. 1997) and his rights to procedural due process and equal protection, when these agencies failed to disconnect his sentences for purposes of determining the length of his parole supervision, thereby increasing his original court-imposed sentences.  (Doc. 1, Ground 2).

reaches the merits of petitioner's claims, relief should be denied because petitioner's parole supervision term was proper. (Doc. 9). Respondent DOC has responded only to Ground 2 of the petition, arguing that this claim should be dismissed because it does not present a cognizable federal habeas claim and, alternatively, because petitioner procedurally defaulted this claim by failing to raise it on appeal. (Doc. 12).

## DISCUSSION

Because the issue is dispositive of this case, the court will first address whether any of petitioner's claims are cognizable in this federal habeas proceeding. The court begins with Ground Four.

The violation of "the essential requirement[s] of . . . federal law" asserted in Ground Four allegedly occurred in the state habeas court's denial of relief to petitioner. While this may be relevant to whether petitioner exhausted or defaulted his claims in state court, the actions of the state court did not affect the validity of petitioner's confinement, as a matter of federal law, and are not a basis for § 2254 relief. It is well established in the Eleventh Circuit that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state collateral proceedings. This is so, because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (affirming district court's denial of habeas relief based on state court judge's refusal to recuse himself from the Rule 3.850 hearing, explaining "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) (concluding § 2254 claim that petitioner's due process rights were violated when state post-conviction court held no evidentiary hearing and failed to attach appropriate

portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief").[9]

In other words, regardless of how the state court ruled upon the issue, whether or not petitioner is entitled to federal habeas corpus relief depends on the issue itself. Section 2254(a) allows the court to grant habeas corpus relief to a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In other words, federal habeas relief is available to correct only constitutional injury. 28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479-80, 116 L.Ed.2d 385 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Barclay v. Florida*, 463 U.S. 939, 958-659, 103 S.Ct. 3418, 3429, 77 L.Ed.2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 2976, 73 L.Ed.2d 1361 (1981); *Carrizales v.*

---

[9]Other circuits agree. *See, e.g., Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.)( denying certificate of appealability on petitioner's claim that he was denied due process when state post-conviction court adopted state's proposed findings and conclusions three hours after they were filed with court, noting that a claim alleging errors in a state post-conviction proceeding does not entitle a petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself), *cert. denied*, 527 U.S. 1056, 120 S.Ct. 22, 144 L.Ed.2d 825 (1999); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (noting established law that "errors concerning [the state post-conviction] process are not cognizable in federal habeas proceedings"), *cert. denied*, 525 U.S. 903, 119 S.Ct. 237, 142 L.Ed.2d 195 (1998); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction , as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (holding that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings:); *Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988) (following courts that have determined "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) (holding that § 2254 was not available to challenge "a denial of the sixth amendment right to effective assistance of counsel, a denial of due process, and a denial of equal protection in the State post-conviction proceedings--claims unrelated to his detention").

*Wainwright*, 699 F.2d 1053 (11th Cir. 1983); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("a habeas petition grounded on issues of state law provides no basis for habeas relief."). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger,* 941 F.2d 1551 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105, 112 S.Ct. 1199, 117 L.Ed.2d 439 (1992) (quoting *Carrizales, supra*). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d at 1508 (citations omitted). *See also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) ("[e]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."). State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the [proceeding] to render the entire [proceeding] fundamentally unfair." *Tejada v. Dugger*, 941 F.2d at 1560. The Supreme Court "ha[s] defined the category of infractions that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 352, 110 S.Ct. 668. The instant case is not one in which there were such critical errors, if indeed there were any errors, that a constitutional violation is apparent.

Petitioner maintains in his remaining claims that under the *Orosz* decision, all of his sentences had terminated at the time of his release on parole in 1993 with the exception of his five-year sentence for Bail Bond Jumping; therefore, his parole term should not have exceeded five years. He argues that had he been released in 1993 to only a five year parole term, he would have completed his supervision and been free prior to committing the acts which constituted the parole violations. Though petitioner may have "couched" his claims in terms of equal protection and due process, the underlying basis for Grounds One, Two and Three is that, purely as a matter of state law, he is entitled to relief. Petitioner was sentenced in 1982 to consecutive terms of five years, fifteen years, thirty years, and five years for offenses

occurring in 1981. At the time petitioner committed his offenses, the statutes governing the FPC allowed for the combining of consecutive sentences, as follows:

> When a person is placed on parole the commission shall determine the period of time the person shall be on parole, and such time shall not exceed the maximum period for which the person has been sentenced.

Fla. Stat. § 947.24 (1981). Petitioner was sentenced to consecutive sentences totaling fifty-five years in 1982. Pursuant to Fla. Stat. § 947.24 (1981), it has always been within the discretion of the FPC to subject petitioner to a term of parole for the entire length of his prison sentence.

Although petitioner relies on *Orosz*, that decision is of no help to him for several reasons. To the extent *Orosz* is premised upon state law, such claim here is not cognizable under § 2254. Further, even if it could be construed as creating a right protected by federal due process, the holding of *Orosz* has limited application to the award and forfeiture of gain-time. Finally, even considering that in 1998 the DOC disconnected all of petitioner's consecutive sentences for the purpose of awarding and forfeiting gain-time pursuant to *Orosz*, and determined that petitioner's five year sentence in case number 81-10879 was considered expired as of May 3, 1984 and his fifteen year sentence in case number 81-10879 was considered expired as of January 31, 1990, there was no error of federal significance in the setting of petitioner's parole term. Petitioner was in service of the thirty year sentence imposed in case number 82-760 at the time of his release to parole on June 15, 1993. He had not yet begun service of his five-year sentence in case number 82-761. (Ex. I, Attach. to DOC Response at Ex. A). It was therefore not outside the FPC's discretion to subject petitioner to a term of parole based, in part, on his 30 year sentence. Additionally, even assuming, without deciding, that the FPC erred in setting petitioner's parole term at 41 years instead of 35 years, petitioner has not established that he was prejudiced by the error. Petitioner agreed to that term. Moreover, he committed the parole violations less than eight years after he was released on parole--well within the 35 year range. Petitioner has not demonstrated

that the establishment or revocation of his parole violated his federal constitutional rights.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) be DENIED, and the clerk be directed to close the file.

At Pensacola, Florida this 19 $^{TH}$ day of April, 2005.

/s/ *Miles Davis*
      MILES DAVIS
      UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).